UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-22174-CIV-KING

LYDIA ROSENFELD,

    Plaintiff,

v.

OCEANIA CRUISES, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the Defendant Ocean Cruises, Inc.'s Motion for Summary Judgment (D.E. #32), filed June 24, 2009. Plaintiff filed a response on July 23, 2009 (D.E. #42).

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S.

144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

In the above-styled case, the Plaintiff is suing the Defendant for negligence, alleging that she slipped and fell while a passenger on the Defendant's vessel (D.E. #1). Defendant contends that it is entitled to summary judgment because "it would be virtually impossible to defend this claim based on the scant record evidence Plaintiff is traveling under: no identification of the alleged substance in any specific way; no witnesses; no evidence that cleaning and maintenance procedures were ignored or not properly completed by the Defendant." (D.E. #32, ¶ 27). The Plaintiff, however, has come forward with sufficient evidence to show that genuine issues of material fact exist as to the cause of the Plaintiff's fall as well as the Defendant's alleged breach of care.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that the Defendant's Motion for Summary Judgment (**D.E. #32**) be, and the same, is hereby **DENIED**. The matter **SHALL PROCEED** in accordance with the Court's June 12, 2009 Order Continuing Pretrial setting final pretrial conference for August 14, 2009 (D.E. #26), and

the Court's January 12, 2009 Scheduling Order setting trial to commence the two-week calendar of September 14, 2009 (D.E. #11).

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of July, 2009.

                JAMES LAWRENCE KING
                U.S. DISTRICT JUDGE
                SOUTHERN DISTRICT OF FLORIDA

cc:  **_Counsel for Plaintiff_**
**Annalie Alvarez**
**Michael A. Winkleman**
Lipcon Margulies & Alsina
2 South Biscayne Boulevard
2480 One Biscayne Tower
Miami, FL 33131

**_Counsel for Defendant_**
**William F. Clair**
Hill Betts & Nash
601 Brickell Key Drive
Courvoisier Centre II 5th Floor
Miami, FL 33131-2662