UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 08-22174-CIV-KING

LYDIA ROSENFELD,
    Plaintiff,

v.

OCEANIA CRUISES INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO PRECLUDE EXPERT TESTIMONY & DENYING MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant's Motion to Preclude The Testimony of Plaintiff's Proposed Expert Peter Vournechis and Incorporated Memorandum of Law as Untimely Filed (D.E. #51), filed September 3, 2009.[1]

At the Final Pretrial Conference on August 14, 2009, the Court expressed concern over the increasing use of expert witnesses in every case of consequence in this District. The parties were ordered to brief the issue of the proposed expert testimony by Plaintiff's liability expert within ten (10) days.

---

[1] Defendant filed its objections to Plaintiff's liability expert testimony in Defendant's Motion to Preclude the Testimony of Plaintiff's Proposed Expert Peter Vournechis and Incorporated Memorandum of Law (D.E. #50) on August, 30, 2009.

In Plaintiff's Memorandum, Plaintiff states that she should be entitled to show that the floor, when wet, is unreasonably dangerous, and that the only way to accomplish this is through Plaintiff's liability expert (D.E. #49).

In its Motion to Preclude the Testimony of Plaintiff's Proposed Expert (D.E. #50), Defendant states that Plaintiff's liability expert must be excluded because such evidence is unreliable and irrelevant. Further, Defendant states that allowing Plaintiff's liability expert to testify invades the province of the jury by making an actual determination that is properly the jury's to make (D.E. #50).

The evidence that Plaintiff proposes to establish through its liability expert is not the type of evidence which can be established through expert testimony. In determining the admissibility of expert evidence, the Court need look no further than the *en banc* opinion of the Eleventh Circuit in *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004) wherein Judge Marcus clearly delineated the responsibility of the trial court when dealing with admissibility of the testimony of expert witnesses:

> As the Supreme Court made abundantly clear in *Daubert*, Rule 702 compels the district courts to perform the critical "gatekeeping" function concerning the admissibility of expert scientific evidence. 509 U.S. at 589 n. 7. The trial courts are also required to play the same gatekeeping function considering the admissibility of technical expert

2

> evidence. *Kumho Tire*, 526 U.S. at 147. This function "inherently require[s] the trial court to conduct an exacting analysis" of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702. *McCorvey*, 298 F.3d at 1257.
>
> * * *
>
> Thus, it comes as no surprise that in determining the admissibility of expert testimony under Rule 702, we engage in a rigorous three-part inquiry. Trial courts must consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Plaintiff, as proponent of the expert testimony, has not established that the proposed liability expert will provide helpful analysis to the Court in understanding a matter of scientific, technical or specialized expertise. Instead, the liability expert intends to testify that the floor where plaintiff fell is unreasonably safe for its intended use. Such conclusions are properly left for the Court or jury to decide.

Accordingly, after a careful review of the record and the court being otherwise fully advised, it is

3

ORDERED, ADJUDGED and DECREED as follows:

1. Defendant's Motion to Preclude the Testimony of Plaintiff's Proposed Expert Peter Vournechis and Incorporated Memorandum of Law **(D.E. #50)** be, and the same is hereby **GRANTED.**

2. Plaintiff's Motion to Strike Defendant's Motion to Preclude the Testimony of Plaintiff's Expert **(D.E. #51)** be, and the same is hereby **DENIED.**

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 10th day of September, 2009.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **<u>Counsel for Plaintiff</u>**
**Annalie Alvarez**
Lipcon Margulies & Alsina
2 South Biscayne Boulevard
2480 One Biscayne Tower
Miami, FL 33131

**Ricardo Valdes Alsina**
Lipcon Margulies & Alsina

2 South Biscayne Boulevard
2480 One Biscayne Tower
Miami, FL 33131

**Michael A. Winkleman**
Lipcon Margulies & Alsina
2 South Biscayne Boulevard
2480 One Biscayne Tower
Miami, FL 33131

cc:

*<u>Counsel for Defendant</u>*
**William F. Clair**
Hill Betts & Nash
601 Brickell Key Drive
Courvoisier Centre II 5th Floor
Miami, FL 33131-2662